United States District Court
Southern District of Texas
**ENTERED**
October 08, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ALEX BERNARD JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:24-CV-00060 |
| | § | |
| PLACIDO SAMANIEGO, JR., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION
## TO DISMISS CASE

Plaintiff Alex Bernard Johnson ("Plaintiff") is a Texas inmate appearing *pro se*. He filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act ("PLRA").[1] *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915A.

For purposes of screening, the undersigned recommends that Plaintiff's complaint be **DISMISSED with prejudice** for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for the reasons set forth below. It is further recommended the dismissal of this case counts as a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

---

[1] While Plaintiff paid the full filing fee, his case is still subject to screening under the PLRA.

[2] The strike in this case should be assessed even though Plaintiff paid the filing fee. *Byrd v. Shannon*, 715 F.3d 117, 122 (3rd Cir. 2013); *Coomer v. Doe # 2489*, No. 5:21-CV-00213-H, 2023 WL 6370250, at *1 (N.D. Tex. Aug. 14, 2023). Plaintiff is **WARNED** that if he accumulates three strikes, he will not be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious injury. *See* 28 U.S.C. § 1915(g).

## I.     JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  This case has been referred to the undersigned Magistrate Judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II.    PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently confined at the McConnell Unit in Beeville, Texas.  The Court received Plaintiff's civil right complaint on March 4, 2024.

### A.   Original Complaint and *Spears*[3] Hearing

In the original complaint, Plaintiff alleged "I am being shocked, burned, sexually harassed, sent into psychogenic seizures by use of light impulses, poked in my eyes, genitals, etc. . ." (D.E. 1, p. 5). Plaintiff also alleged he was being denied access to the courts, was subjected to illegal searches and seizures and was subjected to cruel and unusual punishment. (D.E. 1, p. 3).  Plaintiff did not explain his claims or provide any factual context for his allegations. A *Spears* hearing was conducted on July 24, 2024, where Plaintiff was given an opportunity to explain his claims.  During the *Spears* hearing Plaintiff appeared to be completely sincere, however, some of Plaintiff's claims were clearly fantastic or delusional.  For example, Plaintiff claimed his mind is being controlled and he is being subjected to torture by some form of remote technology. (D.E. 18, p. 12,

---

[3]*Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

20-21, 27).  In response to a question from the Court, Plaintiff stated, "Yes, they're using it to decode my neurofeedback into speech." (D.E. 18, p. 13).  Plaintiff believes he is being controlled by the use of an Electroencephalogram.[4]  (D.E. 18, p. 21).  Plaintiff also testified he has filed other cases, and he believes someone is replacing his legal mail with fake legal mail that has been generated by artificial intelligence.  (D.E. 18, pp. 16-18).  At one point during the *Spears* hearing, Plaintiff inquired how he could make sure that the undersigned was a judicial officer, apparently fearing the proceedings were a sham. (D.E. 18, p. 33). In addition to claims the undersigned characterizes as fantastic, Plaintiff complained about the TDCJ mail system, having difficulty accessing money in his inmate account, being housed in a unit where homosexual inmates sexually harassed him and having his personal information disclosed to other persons.  However, these claims were very general and were difficult to follow.  The undersigned explained to Plaintiff that many of his claims were simply too implausible to go forward but some of his claims, such as being denied access to funds in his inmate account or being denied access to his mail, may be able to go forward if stated clearly with some additional explanation.  Therefore, at the *Spears* hearing, the undersigned directed Plaintiff to file an amended complaint to try and cure his pleading defects.  The undersigned also entered a written order for Plaintiff to file an amended complaint.  (D.E. 17).  In the written order, the undersigned explained to Plaintiff his complaint is deficient for a variety of reasons, including but not limited to:

    1.  Failure to state his claims clearly;

---

[4] An Electroencephalogram is commonly known as an EEG and is used to measure electrical activity in the brain.

2. Failure to allege sufficient facts to indicate any defendant is liable or responsible to Plaintiff;

3. Making conclusory allegations not supported by facts;

4. Failure to allege a plausible legal theory why a defendant is liable to him or otherwise named as a defendant; and

5. That some of his claims are simply frivolous.

With regard to his amended complaint, Plaintiff was ordered to make a short and plain statement of each claim showing he is entitled to relief. (D.E. 18). He was further ordered to separately list each defendant and explain what the defendant did to violate Plaintiff's rights and explain why the person is named as a defendant. (D.E. 18). Plaintiff was also directed to explain his injuries and describe the specific relief he is seeking in this civil action (i.e. money damages, injunctive relief, or both). (D.E 18). Plaintiff was given 30 days to file an amended complaint. The undersigned warned Plaintiff that failure to comply with the Court's order may result in the dismissal of this action for want of prosecution under Rule 41(b) of the Federal Rules of Civil Procedure without further notice. Plaintiff was further warned the Court is required to screen his complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

### B. Amended Complaint

The Court received Plaintiff's Amended Complaint on September 9, 2024. (D.E. 20). Other than titling the document Plaintiff's Amended Complaint, including the correct

4 / 12

case number, and mailing the pleading to this Court on time, Plaintiff failed to follow any of the directives in the Order to File Amended Complaint.  Plaintiff did not list any defendant and failed to explain what any defendant did to violate his rights. Rather, Plaintiff complained generally that he is being denied access to the courts. Plaintiff alleges he is not in this action trying to attack his underlying conviction, but his denial of access to the mail is preventing him from proving he is in fact innocent and was wrongly convicted in related habeas proceedings.  Plaintiff further alleges unnamed prison personnel released his confidential personal information, such as his bank account information, to other inmates. Plaintiff makes further general allegations his rights are being violated without providing any contacts or explanation in fact.

## III.    LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact.  *Neitzke v. Williams,* 490 U.S. 319 (1989).  A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal

interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id.*

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law

deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

## IV.    DISCUSSION

Plaintiff's allegations about his mind being controlled by unknown persons and other similar allegations clearly fall into the "fanciful," "fantastic," and "delusional" categories. Plaintiff has been given the opportunity to present additional facts and explain these claims. These claims have no basis in fact and should be dismissed as frivolous. *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998). Although these matters are real to Plaintiff, the allegations are so fanciful that a reasonable person would find them irrational and completely lacking any factual basis. *See e.g. Flores v. United States Attorney General,* 434 F. App'x 387, 388 (5th Cir. 2011) (affirming dismissal as frivolous where plaintiff alleged members of the federal government were "using advanced technology with direct signal to the satellite in outer space that has the capability of calculating a genetic code to inflict upon the [plaintiff] …"; *Kolocotronis v. Club of Rome,* 109 F.3d 767 (5th Cir. 1997) (affirming dismissal of complaint describing government plot to spread the AIDS virus throughout the world); *Patterson v. U.S. Gov't*, No.3:08-cv-1730-K, 2008 WL 5061800 (N.D. Tex. Nov. 25, 2008) (dismissing complaint where plaintiff alleged she received messages through the television and was tracked by remote control); *Daniel v.*

*FBI*, No. 3:03-cv-1281-N, 2003 WL 21555130 (N.D. Tex. Jun. 17, 2003) (dismissing complaint that FBI stalked, harassed and tried to poison plaintiff). Therefore, dismissal is clearly warranted under these circumstances.

Additionally, all Plaintiff's remaining claims are subject to dismissal because they are entirely conclusory and are unsupported by any clear statement of facts. The undersigned recognizes that Plaintiff, as an inmate, has a First Amendment right to receive mail. *Prison Legal News v. Livingston*, 683 F.3d 201, 214 (5th Cir. 2012). The undersigned further recognizes Plaintiff has a protected property interest in the funds in his prison account. *Morris v. Livingston*, 739 F.3d 740, 750 (5th Cir. 2014). Further, it is well established that inmates have a First Amendment right to access the courts. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996) (to state a cognizable First Amendment claim, the plaintiff must demonstrate actual injury resulting from an alleged denial of access to the courts). However, none of Plaintiff's allegations are supported by any facts. After the undersigned determined Plaintiff's original complaint was devoid of any facts, Plaintiff was given the opportunity to explain his claims at the *Spears* hearing. Plaintiff did not provide a factual basis for his claims at the *Spears* hearing. Thus, the undersigned ordered Plaintiff to file an amended complaint and specifically directed Plaintiff to provide a basis in fact to support his claims. Despite being notified of the pleading defects and being given the opportunity to plead his best case, Plaintiff has not alleged sufficient facts to give rise to a reasonable inference that any defendant is liable. Therefore, the undersigned respectfully recommends all of Plaintiff's claims be dismissed with prejudice.

## V.    CLAIMS NOT SPECIFICALLY ADDRESSED IN THIS MEMORANDUM

To ensure justice and access to the courts, courts interpret pleadings of *pro se* litigants liberally.  *See United States v. Robinson*, 78 F.3d 172, 174 (5th Cir. 1996) (citing *United States v. Santora*, 711 F.2d 41, 42 (5th Cir. 1983)).  *Pro se* actions will not be dismissed based on technical pleading defects and should be construed to ensure such claims are given fair and meaningful consideration despite the unrepresented litigant's unfamiliarity with the law.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *See also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (*Pro se* parties are normally accorded more leniency in the construction of their pleadings).

The undersigned has attempted to articulate and analyze Plaintiff's claims in an impartial manner consistent with providing appropriate leniency to *pro se* litigants while at the same time requiring compliance with applicable pleading and screening standards. To the extent Plaintiff is attempting to raise a claim not specifically addressed by the undersigned in this Memorandum and Recommendation, Plaintiff has failed to state such claim with sufficient factual detail or clarity to allow the claim to be identified, understood, or analyzed by the Court.

As stated previously, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  Again, Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable.  *Id.*; *Twombly*, 550 U.S. at 556.  Further, the

factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555.

Plaintiff is further advised that any claim not addressed in this Memorandum and Recommendation is not currently before this Court because Plaintiff has failed to state such claims clearly.

The undersigned recommends Plaintiff not be allowed to amend his pleading because he has been given the opportunity to explain his claims at the *Spears* hearing. *See Johnson v. Parks*, 182 F. App'x 300, 301 (5th Cir. 2006) (Plaintiff's testimony at the *Spears* hearing constituted an amendment of his complaint). Additionally, Plaintiff was advised of his pleading deficiencies at the *Spears* hearing and in a written order to amend. Plaintiff filed an amended complaint which neither cured his pleading deficiencies nor followed the Court's instructions. Plaintiff has now "pleaded his best case" and further opportunity to amend is unnecessary. *Brewster v. Dretke*, 587 F.3d 767, 768 (5th Cir. 2009) (granting plaintiff subsequent opportunity to amend was not necessary where Plaintiff had pleaded his best case).

## VI.    CONCLUSION

Because Plaintiff has failed to state a cognizable constitutional claim in this action against Defendants, it is respectfully recommended that Plaintiff's complaint be **DISMISSED with prejudice** as frivolous and/or for failure to state a claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). The undersigned further recommends the dismissal of this case counts as a "strike" for purposes of 28 U.S.C. §

1915(g) and that the Clerk of Court be **INSTRUCTED** to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

Respectfully submitted on October 8, 2024.

Jason B. Libby
United States Magistrate Judge

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).